UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                         Criminal No. 11-CR-20790-01
                                                Civil Action No. 15-CV-10017

vs.

                                            HON. BERNARD A. FRIEDMAN

TERRENCE MATTHEWS,

      Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S § 2255 MOTION**

            This matter is presently before the Court on defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [docket entry 148]. Plaintiff has filed a response in opposition. Defendant has not filed a reply and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

            In January 2012, an indictment charged defendant with conspiracy to possess with intent to distribute and to distribute various drugs, in violation of 21 U.S.C. §§ 841(a) and 846 (Count One); and with possession with intent to distribute various drugs, in violation of 21 U.S.C. §§ 841(a) (Counts Three, Four, and Five). In November 2012, defendant entered into a Rule 11 Plea Agreement wherein he agreed to plead guilty to Count One in exchange for the government's agreement to dismiss the other counts. The parties agreed that defendant's sentencing guideline range was 135 to 168 months and that the Court would consider this range in fashioning a sentence. In August 2013, the Court sentenced defendant to a 135-month prison term.

            In his § 2255 motion, defendant first argues that his sentence should be reduced to 120 months based on changes in the sentencing guidelines that became effective in 2014. This motion is denied as moot because the Court reduced defendant's sentence to 120 month in granting

his subsequently filed "motion for modification of term of imprisonment" [docket entry 171].  *See* Amended Judgment [docket entry 184].

Defendant next argues that, under 18 U.S.C. § 3585,[1] his sentence should be reduced to reflect the "time [he] spent on Home Confinement."  Def.'s Mot. at 6.  This aspect of defendant's motion is denied because "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons."  *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). *See also United States v. Terry*, 574 F. App'x 579, 582 (6th Cir. 2014) ("As for any credit for time served, the district court properly left that calculation to the BOP."); *United States v. Jefferson*, 507 F. App'x 509, 510 (6th Cir. 2012) ("Only the Bureau of Prisons, and not the district court, is authorized to grant credit for time served under 18 U.S.C. § 3585(b)."); *United States v. Noel*, 372 F. App'x 586, 592 (6th Cir. 2010) ("it is the Attorney General, through the Bureau of Prisons, who

---

[1] Section 3585 states:

> (a) Commencement of sentence.–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody.–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

>> (1) as a result of the offense for which the sentence was imposed; or

>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

> that has not been credited against another sentence.

is authorized to grant a prisoner credit for time spent in pre-sentence detention.").  Accordingly,


IT IS ORDERED that defendant's § 2255 motion is denied.


S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: November 15, 2016
        Detroit, Michigan

3